## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| GEMAK GEMI INSAAT SANAYI VE TICARET A.S. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. |
| | : | |
| ANGOL LIMITED, as owner of the M/V ANGOL, and FS ANDES LTD., | : | IN ADMIRALTY, Rule 9(h) |
| | : | |
| Defendants. | : | |
| | : | |

## VERIFIED COMPLAINT

Plaintiff Gemak Gemi Insaat Sanayi Ve Ticaret A.S. ("Plaintiff") by and through its attorneys Blank Rome LLP as and for its Verified Complaint against the Defendants Angol Limited, as owner of the M/V ANGOL, ("Angol Limited") and FS Andes Limited ("FS Andes") (collectively "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333, because it arises out of a breach of a maritime contract, as will be set forth more fully herein.

2.     Venue is proper in this District because there is, or will be during the pendency of this action, property of or due and owing to the Defendant within or moving through this District in the form of the M/V ANGOL (IMO No. 9399806) (the "Vessel"), as will be more fully discussed herein.

999998.05123/123317106v.1

3.      Defendants cannot be found in this District within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims.

## THE PARTIES

4.      Plaintiff Gemak Gemi Insaat Sanayi Ve Ticaret A.S. is a company organized under laws of Turkey, with a principal place of business of Tersaneler Cad. No. 38, 34944 Tuzla, Istanbul, Turkey.

5.      Defendant Angol Limited was, at all material times, incorporated in Liberia with its registered address at 80 Broad Street, Monrovia, Liberia. On information and belief, Defendant Angol Limited is the alter ego of FS Andes Ltd, as more fully set forth herein.

6.      Defendant FS Andes was, at all material times, incorporated in Liberia with its registered address at 80 Broad Street, Monrovia, Liberia.  On information and belief, Defendant Angol Limited is the alter ego of FS Andes Ltd, as more fully set forth herein.

7.      On information and belief, Angol Limited, the registered owner of the M/V ANGOL, and FS Andes Ltd., the registered owner of the M/V ANDES, are both members of the "NSC Shipping GmbH & Cie. KG" Group of companies.

8.      The Sea-Web website also refers to NSC Holding GmbH and Cie KG as the Group Owner of the M/V ANGOL and M/V ANDES.

9.      On information and belief, the M/V ANGOL and M/V ANDES are listed among a "fleet" of twenty-four container vessels on the NSC Shipping GmbH & Cie. KG Group website. *See* https://www.nsc-holding.com/flotte/container/.

999998.05123/123317106v.1

10.     On information and belief, non-party Columbia Shipmanagement (Deutschland) GmBH ("Columbia Shipmanagement") is the technical manager of the M/V ANDES and the M/V ANGOL.

11.     The M/V ANGOL is a motor vessel bearing IMO number 9399806. At all material times, Defendant Angol Limited was and is the owner of the Vessel.

12.     It is believed that the M/V ANGOL is or will be within or moving through this District during the pendency of the action.

13.     It is further believed that in addition to the M/V ANGOL itself, Defendant's bunkers, fuel, goods, chattels, appurtenances, equipment, effects, and other property, tangible or intangible, in excess of the amount sought to be attached belonging to, due or being transferred to, from, or for the benefit of Defendant including, but not limited to, such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit, will be moving through, or within this district during the pendency of this action.

## THE FACTS

### I.      The Drydocking and Vessel Repairs

14.     On or about November 25, 2019, Columbia Shipmanagement, as Manager of the M/V ANDES and agent for Defendant FS Andes, entered into a contract with Plaintiff whereby Plaintiff agreed to provide drydocking and repair services for the M/V ANDES at Plaintiff's shipyard in Turkey. (the "Repair Contract"). A true and correct copy of the Repair Contract is attached as Ex. A.

3

15.     Pursuant to the Repair Contract, Plaintiff fully performed the following repairs on

the M/V ANDES between January 16, 2020 and March 8, 2020:

| Work | Item | Description | Unit | Qty | Unit Price | Total Price | Remarks |
|------|------|-------------|------|-----|-----------|------------|---------|
| 41 | 2 | Cleaning of M.D.O. Service Tank for hot work including lighting and ventilation (per m3 of tank volume) – 7m3 | m3 | 50 | 26.00 | 1.300 | |
| 42 | | ADDITIONAL WORKS (Submit Date: 05.03.2020) | | | | | |
| 42 | 1 | Access of Plate between E/R to Cofferdam and Installation New Doubler Type Manhole due to Steel Work on Servis Tank<br><br>-    720x520mm Manhole | pcs | 1 | 450,00 | 450 | |
| 42 | 2 | Laying Cable for Lighting in BWTS and Smoke Detector as per Owner Repr. Request | total | 1 | 750,00 | 750 | |
| 42 | 3 | Cleaning of Bilge Area in Engine Room as per Owner Repr. Request | total | 1 | 790,00 | 790 | |
| 42 | 4 | Power tool cleaning and 3 coats painting (Owner's supplied paint) of renewed steel | total | 1 | 1.315,00 | 1.315 | |

4

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
|  |  | only. (per kg of new steel) |  |  |  |  |  |
| 42 | 5 | Fitting and Welding of Foundation in BWMS Room for Lighting | pcs | 10 | 60,00 | 600 | NET |
|  |  |  |  |  |  | Grand Total (USD) | $1,315,209 |

16.     After agreed discounts were deducted, the final invoice amount for Plaintiff's repairs to the M/V ANDES totaled USD $919,000.00. (the "Repair Invoice"). A true and correct copy of the Repair Invoice is attached as Ex. B.

17.     On March 8, 2020, the Repair Invoice was accepted and signed by the Master of the M/V ANDES, on behalf of the ANDES and its owner FS Andes Ltd, and its Manager, Columbia Shipmanagement.

II.     **The Payment Guarantees**

18.     Defendant FS Andes paid $375,000.00 of the amount due under the Repair Invoice prior to the departure of the M/V ANDES from Plaintiff's shipyard.

19.     The remaining balance of the Repair Invoice - $544,000.00 – was to be paid pursuant to an agreed installment schedule, as set forth in two Payment Guarantee Letters.

20.     The first Payment Guarantee Letter was given by Defendant FS Andes, as Owner of the M/V ANDES, in favor of Plaintiff. It undertook *inter alia* as follows:

5

WE CONFIRM THAT M/V "ANDES – IMO No 9399739" HAS BEEN REPAIRED, DRYDOCKED, TESTED AND ACCEPTED BY OUR COMPANY'S REPRESENTATIVES AND CLASSIFICATION SOCIETY SURVEYORS DURING HER STAY AT YOUR SHIPMENT DATES BETWEEN 16/01/2020 AND 08/03/2020 WITHOUT ANY DELAY.

WE, FS ANDES LTD. – LIBERIA AS THE OWNERS OF THE M/V "ANDES" CONFIRM THAT VESSEL HAS BEEN REPAIRED AT YOUR SHIPYARD WITH THE AGREED FINAL INVOICE (USD. 919,000.-) AND HEREBY ACCEPT THE FINAL BILL DATED 08/03/2020 AND IRREVOCABLY CONFIRM TO PAY THE DEFERRED AMOUNT WHICH IS USD 544,000. – TO YOUR BELOW BANK ACCOUNT AS PER BELOW INSTALLMENTS.

| NO | AMOUNT (USD) | PAYMENT DATE |
|----|--------------|--------------|
| 1 | 375,000.- | ALREADY PAID BEFORE VESSELS DEPARTURE |
| 2 | 182,000.- | TO BE PAID ON 08 APRIL 2020 |
| 3 | 181,000.- | TO BE PAID ON 08 MAY 2020 |
| 4 | 181,000.- | TO BE PAID ON 08 JUNE 2020 |

IF ONE OF THE ABOVE PAYMENTS, WHOLLY OR PARTIALLY, SHOULD REMAIN UNPAID BY OUR COMPANY UNTIL MENTIONED DATES, WE CONFIRM TO PAY INTEREST AT THE RATE OF 2 (TWO) PERCENT PER MONTH ON THE UNPAID TOTAL AMOUNT FOR THE PERIOD FROM SUCH DUE DATE WITH 15 DAYS GRACE PERIOD TO THE DATE OF FULL PAYMENT.

IN CASE ABOVE PAYMENT CAN NOT BE REMITTED WE CONFIRM GEMAK GEMI INS. SAN. VE TIC. A.S.'S ALL LEGAL ACTIONS AGAINST OUR COMPANY AND/OR M/V "ALGARROBO" **AND/OR OUR OTHER VESSELS** INCLUDING EXERCISING LIEN, RIGHT OF RETENTION, ARRESTING ETC. FOR THE REMITTANCE OF THE OUTSTANDING AMOUNT TOGETHER WITH INTEREST AND EXPENSES SUSTAINED BY THE YARD. WE HEREBY UNDERTAKE NOT TO RAISE ANY DEFENCE, COUNTERCLAIMS WHATSOEVER AGAINST GEMAK GEMI

> INS. SAN, VE TIC. A.S'S LEGAL ACTIONS FOR THE
> RECOVERY OF THE SAID AMOUNTS. (Emphasis added.)

A true and correct copy of the FS Andes Ltd. Payment Guarantee Letter is attached as Ex. C.

21.     The second Payment Guarantee Letter was given by Columbia Shipmanagement, as Managers of the M/V ANDES, and contains terms nearly identical to those set forth in the first Payment Guarantee Letter, Ex. C. Specifically, the second Payment Guarantee Letter also undertook *inter alia* as follows:

> IN CASE ABOVE PAYMENT CAN NOT BE REMITTED WE
> CONFIRM GEMAK GEMI INS. SAN. VE TIC. A.S.'S ALL
> LEGAL ACTIONS AGAINST OUR COMPANY AND/OR M/V
> "ALGARROBO"   **AND/OR   OUR   OTHER   VESSELS**
> INCLUDING EXERCISING LIEN, RIGHT OF RETENTION,
> ARRESTING ETC. FOR THE REMITTANCE OF THE
> OUTSTANDING AMOUNT TOGETHER WITH INTEREST
> AND EXPENSES SUSTAINED BY THE YARD. WE HEREBY
> UNDERTAKE   NOT   TO   RAISE   ANY   DEFENCE,
> COUNTERCLAIMS WHATSOEVER AGAINST GEMAK GEMI
> INS. SAN, VE TIC. A.S'S LEGAL ACTIONS FOR THE
> RECOVERY OF THE SAID AMOUNTS. (Emphasis added.)

A true and correct copy of the Columbia Shipmanagement Payment Guarantee Letter is attached as Ex. D.

## III.     **The Non-Payment**

22.     Although duly demanded and obliged to do so under the Repair Invoice and Payment Guarantees, Defendant FS Andes failed to remit the first two installment payments of $182,000 and $181,000 on April 8, 2020 and May 8, 2020, respectively.

23.     Under Article 8(4) of Plaintiff's Standard Terms and Conditions:

> If payment of the Contract Price, wholly or partially, should remain
> unpaid by the Owner on the due date, the whole outstanding amount
> shall become due and payable forthwith together with interest at the
> rate of 2 percent per month on the unpaid total amount of the
> Contract Price for the period from such due date to the date of full
> payment."

24.     The third and final installment payment of $181,000 is due on June 8, 2020. However, because Defendant FS Andes's failed to remit the first two installment payments on their due dates, the entire outstanding amount is now due and payable, together with interest.

25.     In total, FS Andes Ltd. owes $544,000.00, plus costs and interest at a rate of 2% per month since April 8, 2020.

26.     As set forth herein, Defendant Angol Limited is liable for Defendant FS Andes's debt to Plaintiff under the Repair Invoice and FS Andes Payment Guarantee because Defendant Angol Limited is the alter ego of Defendant FS Andes.

## IV.   <u>Proceedings</u>

27.     Article 15 of the Plaintiff's Standard Terms and Conditions of Contract for Ship Repair provides that Turkish law shall govern any disputes arising under the Contract and that all disputes arising thereunder shall be decided in the Courts of Istanbul. Plaintiff hereby reserves its right to proceed in against Defendant FS Andes in Turkey pursuant to the Repair Contract.  By virtue of its role as alter ego of Defendant FS Andes, any judgment issued against Defendant FS Andes in connection with this dispute is equally binding upon Defendant Angol Limited.

28.     Alternatively, the Payment Guarantee Letters issued by Defendant FS Andes and Columbia Shipmanagement in respect of Plaintiff's repairs to the M/V ANDES does not specify a forum for dispute resolution. Instead, the Guarantees provide:

> IN CASE ABOVE PAYMENT CAN NOT BE REMITTED WE CONFIRM GEMAK GEMI INS. SAN. VE TIC. A.S.'S **ALL LEGAL ACTIONS** AGAINST OUR COMPANY AND/OR M/V "ALGARROBO" AND/OR OUR OTHER VESSELS INCLUDING EXERCISING LIEN, RIGHT OF RETENTION, ARRESTING ETC. FOR THE REMITTANCE OF THE OUTSTANDING AMOUNT TOGETHER WITH INTEREST AND EXPENSES SUSTAINED BY THE YARD. WE HEREBY UNDERTAKE NOT TO RAISE ANY DEFENCE, COUNTERCLAIMS WHATSOEVER AGAINST GEMAK GEMI INS. SAN, VE TIC. A.S'S LEGAL ACTIONS FOR THE RECOVERY OF THE SAID AMOUNTS.

*See* Exs. C and D.

29.      Plaintiff hereby reserves its right to litigate its dispute against Defendant FS Andes before this Honorable Court pursuant to the Payment Guarantee Letters.  By virtue of its role as alter ego of Defendant FS Andes, any judgment issued against Defendant FS Andes in connection with this dispute is equally binding upon Defendant Angol Limited.

## COUNT I – BREACH OF MARITIME CONTRACT

30.     All of the foregoing factual and legal allegations are incorporated herein by reference as if set forth in full.

31.     Defendant FS Andes breached the Repair Invoice and FS Andes Payment Guarantee by, *inter alia*, failing to remit the installments payments on the dates they became due.

32.     As a result of Defendant FS Andes' breach of the Repair Invoice and Payment Guarantees, Plaintiff has suffered substantial and material damages in the sum of $544,000.00, plus interest at a rate of 2% per month since April 8, 2020, and costs and fees.

## COUNT II – ALTER EGO/VEIL PIERCING

33.     Additionally or alternatively to Count I above, all of which foregoing factual and legal allegations are incorporated herein by reference as if set forth in full, Defendant Angol Limited is the alter ego of Defendant FS Andes such that the corporate veils of those companies should be pierced so that Plaintiff may obtain recovery against Defendant Angol Limited directly in respect of its claims against Defendant FS Andes.

34.     On information and belief, Defendant Angol Limited and Defendant FS Andes shared the same address at 80 Broad Street, Monrovia, Liberia.

35.     On information and belief, Defendant Angol Limited, the registered owner of the M/V ANGOL, and Defendant FS Andes, the registered owner of the M/V ANDES, are both members of the "NSC Shipping GmbH & Cie. KG" Group of companies.

36.     The Sea-Web website also refers to NSC Holding GmbH and Cie KG as the Group Owner of the M/V ANGOL and M/V ANDES.

37.     On information and belief, although Defendant Angol Limited and Defendant FS Andes are the registered owners of only own one vessel each, both vessels are listed among a "fleet" of twenty-four container vessels on the NSC Shipping GmbH & Cie. KG Group website.

10

38.     On information and belief, at all relevant times, both vessels were under the exclusive management and control of NSC Shipping GmbH & Cie. KG Group, both operationally and financially.

39.     On information and belief, the technical manager of the M/V ANDES and the M/V ANGOL is Columbia Shipmanagement.

40.     Although Defendant FS Andes is the registered owner of only the M/V ANDES, the FS Andes Payment Guarantee guarantees vessels other than the M/V ANDES can be arrested for the remittance of the outstanding debt owed to Plaintiff. In particular, the Guarantee states that Plaintiff can exercise a lien, right of retention, and arrest the "*M/V "ALGARROBO" AND/OR OUR OTHER VESSELS*" for payment of the outstanding debt owed for the repairs to the M/V ANDES.

41.     In addition, the Columbia Shipmanagement Payment Guarantee – the technical manager of both the M/V ANGOL and M/V ANDES – also guarantees vessels other than the M/V ANDES as payment of the outstanding debt owed to Plaintiff.

42.     Based on the foregoing, and on information and belief, Plaintiff alleges as follows:

     a.  By design and intent of Defendant FS Andes was inadequately capitalized to fulfill its contractual obligations, particularly including those to Plaintiff;

     b.  Defendant Angol Limited and Defendant FS Andes have ignored and/or failed to observed corporate formalities between and among themselves, including but not limited to co-mingling funds and property, engaging in transactions among

11

themselves on other than arms-length terms, and by guaranteeing, paying or satisfying the debts and obligations of each other when it suits their purposes;

c.   Defendant Angol Limited and FS Andes Ltd. share office space, contact details, overhead and personnel, and their operations are inextricably intertwined;

d.   Defendant Angol Limited and FS Andes Ltd. are not run as individual profit centers but rather function collectively as controlled and dominated instruments of the "NSC Shipping GmbH & Cie. KG" Group.

e.   Defendant Angol Limited and FS Andes Ltd. have guaranteed, paid or otherwise satisfied the debts and obligations of each other without adequate consideration for so doing.

f.   Defendant Angol Limited and FS Andes Ltd. have co-mingled funds and/or other assets and have used each other's assets on other than an arms-length basis.

43.     In sum, the corporate forms of Defendant Angol Limited and Defendant FS Andes are a sham and exists solely for the purpose of evading liabilities and defrauding creditors. As such, this Court should pierce the corporate veil of Defendant Angol Limited and Defendant FS Andes and should hold them liable in respect of Plaintiff's claims herein.

**PLAINTIFF'S DAMAGES FOR WHICH ATTACHMENT IS SOUGHT**

44.     Plaintiff has suffered substantial direct damages as a result of Defendant FS Andes's breach of and/or failure to make payments presently due and owing under the Repair Invoice and Payment Guarantees, including but not limited to (1) failure to pay the final balance due in the amount of **$544,000.00**; and (2) interest in the amount of **$10,920.00**, at the rate of 2 (two) percent per month on the unpaid total amount for the period from such due date with 15

12

days grace period to the date of full payment; and (3) costs and attorney's fees estimated at **$15,000.00**. Plaintiff is fully entitled to recover all such damages, totaling **$569,920.00**.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.     That since Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee, in the district which are due and owing or otherwise the property of the Defendant up to the amount of **$569,920.00** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C.     That judgment be entered adjudging Defendant Angol Limited as alter ego of Defendant FS Andes and holding it fully liable to the same extent as Defendant FS Andes in respect of the foregoing claim;

D.     That this Court retain jurisdiction over this matter through the entry of a judgment associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D.     That Plaintiff may have such other, further and different relief as may be just and proper.

999998.05123/123317106v.1

Dated:  May 26, 2020

**BLANK ROME LLP**

*/s/ Brandon W. McCune*
Brandon W. McCune (Bar No. 6563)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
(302) 425-6464
bmccune@blankrome.com

OF COUNSEL

Lauren B. Wilgus
(*pro hac vice* motion forthcoming)
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
(917) 332-3068
lwilgus@blankrome.com

*Counsel for Plaintiff Gemak Gemi Insaat
Sanayi Ve Ticaret A.S.*

14